IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIAMONDBACK FIREARMS, LLC,
A Florida limited liability company,

    Plaintiff,

v.                                Case No.: 6:13CV360-ORL-18KRS

DIAMONDBACK TACTICAL LLLP,
A North Carolina limited liability limited
partnership,                             JURY TRIAL REQUESTED

    Defendant.
_____/

## COMPLAINT

Plaintiff Diamondback Firearms, L.L.C., through its undersigned counsel, for its Complaint against Defendant Diamondback Tactical LLLP, states:

### Parties, Jurisdiction, and Venue

1. Plaintiff Diamondback Firearms, L.L.C. ("Diamondback") is a Florida limited liability company, with its principal place of business in Brevard County, Florida.

2. Upon information and belief, Defendant Diamondback Tactical LLLP ("DBT") is a North Carolina limited liability limited partnership having its principal place of business in North Carolina, and which sells and offers for sale products in Florida and within the Middle District of Florida.

3. This is a claim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 seeking a final judgment that Plaintiff has not infringed any of Defendant's Trademarks or committed acts of unfair competition.

4. As set forth in more detail below, Defendant has asserted that Diamondback's use of its mark DIAMONDBACK FIREARMS in connection with its sales and advertising of Diamondback products within this Division of the Middle District of Florida constitutes trademark infringement and/or acts of unfair competition.

5. Defendant has subjected themselves to *in personam* jurisdiction as Defendants have sent letters threatening legal action for trademark infringement to Diamondback in this judicial district. Additionally, upon information and belief, Defendant is subject to general jurisdiction as it is engaged in substantial and not isolated activity in this state and judicial district and maintains continuous and systematic business contacts in Florida through its wholesalers and dealers located in the state.

6. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§1391(b) and (c).

### The Respective Marks of the Parties

7. Diamondback designs and manufactures handguns and rifles that are advertised and sold under the DIAMONDBACK FIREARMS mark. Diamondback has sold firearms under the DIAMONDBACK FIREARMS mark since 2009. Diamondback does not sell bulletproof vests, helmets, armor or tactical armor systems, nor does Diamondback use the phrase "Diamondback Tactical" in its advertising.

8. Upon information and belief, Defendant is the owner of U.S. Trademark Registration Nos. 3,750,709 and 3,741,164 for the DIAMONDBACK TACTICAL mark and DIAMONDBACK TACTICAL & Design mark. Moreover, Defendant claims rights to certain common law marks (collectively referred to as the "Claimed Marks"). The

Claimed Marks that are registered are in International Classes 9, 18, 35, none of which includes firearms.

9. Currently there are in excess of 20 other live federal trademark registrations using the mark "Diamondback," none of which is owned by either party. In fact, there are several federal registrations for the mark "Diamondback" in international classes 9 and 35 that are owned by neither Diamondback nor Defendant. Upon information and belief, there are additional common law marks using the term Diamondback.

10. Neither Diamondback nor Defendant owns the exclusive rights to the mark "Diamondback."

11. There is no likelihood of confusion between the marks DIAMONDBACK FIREARMS and DIAMONDBACK TACTICAL.

## Defendant's Threats of Infringement

12. On February 6, 2013, a cease and desist letter was sent by Defendant to Diamondback, alleging that Diamondback's use of the mark DIAMONDBACK FIREARMS constitutes "federal and common law trademark infringement, as well as unfair competition." The letter is attached hereto as Exhibit A.

13. Defendant's cease and desist letter states that Defendant "is committed to the vigorous protection and enforcement of its intellectual property rights" and demands that Diamondback "immediately cease and desist all use, sales, and/or advertising of the DIAMONDBACK FIREARMS brand." Defendant also states that "any response which contains less than the demanded materials and information shall be deemed insufficient

3

and shall be interpreted to mean that you intend to continue infringing upon Diamondback's intellectual property rights."

14. Defendant's letter alleging infringement and unfair competition has presented a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment establishing that Diamondback has not infringed the Claimed Marks or unfairly competed with Defendant.

## COUNT ONE
### Declaratory Judgment of NonInfringement of the Claimed Marks

15. Diamondback restates and incorporates by reference into this Count One the allegations of Paragraphs 1 through 14 above as if fully-stated herein.

16. This is an action against Defendant for declaratory judgment that Diamondback has not infringed and is not infringing any of Defendant's Claimed Marks under the Lanham Act or other statutes or common law.

17. Defendant does not enjoy rights to the terms "Diamondback" or "Diamondback Firearms."

18. Diamondback's use of the mark DIAMONDBACK FIREARMS is not likely to cause confusion with the Claimed Marks amongst consumers.

19. There is a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment establishing that Diamondback has not infringed the Claimed Marks or unfairly competed with Defendant.

20. Diamondback is, therefore, entitled to a declaratory judgment that its DIAMONDBACK FIREARMS mark does not infringe the Claimed Marks.

Wherefore, Plaintiff asks this Court to enter judgment against Defendants:

- a) Finding the Claimed Marks are not infringed by Diamondback;
- b) Prohibiting Defendant from making further claims of litigation against Plaintiff for trademark infringement by using the mark DIAMONDBACK FIREARMS;
- c) Finding this case is exceptional under the Lanham Act and awarding Plaintiff its attorney fees and costs; and
- d) Such and other relief as the Court deems appropriate.

## COUNT TWO
### Declaratory Judgment of No Unfair Competition by Diamondback

21. Diamondback restates and incorporates by reference into this Count One the allegations of Paragraphs 1 through 14 above as if fully stated herein.

22. This is an action against Defendant for declaratory judgment that Diamondback has not unfairly competed against Defendant.

23. Defendant does not enjoy rights to the marks "Diamondback" or "Diamondback Firearms."

24. Diamondback's use of the mark DIAMONDBACK FIREARMS is not likely to cause confusion with the Claimed Marks amongst consumers; therefore use of the mark DIAMONDBACK FIREARMS by Diamondback does not constitute unfair competition.

25. Diamondback has committed no acts that constitute unfair competition.

26. There is a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment establishing that Diamondback has not infringed the Claimed Marks or unfairly competed with Defendant.

27. Diamondback is, therefore, entitled to a declaratory judgment that is has not unfairly competed with Defendant.

Wherefore, Plaintiff asks this Court to enter judgment against Defendants:

    a) Finding that Diamondback has not unfairly competed with Defendant;

    b) Prohibiting Defendant from making further claims of litigation against Plaintiff for unfair competition based on the use of DIAMONDBACK FIREARMS;

    c) Such and other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

...

Respectfully submitted March 4, 2013.

/s/Brian R. Gilchrist
Brian R. Gilchrist
Florida Bar No. 774065
bgilchrist@addmg.com
Ryan T. Santurri
Florida Bar No. 015698
rsanturri@addmg.com
Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida 32801-3791
Telephone: 407-841-2330
Facsimile: 407-841-2343

Counsel for Plaintiff Diamondback Firearms, LLC